# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL STANLEY, | : | CIVIL NO. 1:CV-09-2446 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| COMMISSARY SUPERVISOR | : | |
| HERNANDEZ, et al., | : | |

## MEMORANDUM

Petitioner Darnell Stanley ("Stanley") filed his petition for writ of mandamus pursuant to 28 U.S.C. § 1361 on December 11, 2009. He is currently confined at the Federal Correctional Institution at Allenwood (FCI-Allenwood), Pennsylvania. Named as Respondents are numerous Bureau of Prisons officials as well as FCI-Allenwood officials and employees. Also pending are motions to proceed in forma pauperis (Doc. No. 2) and for service of the petition (Doc. No. 3). For the reasons that follow, the petition will be dismissed without prejudice to Petitioner to pursue his claims in a civil rights action pursuant to 28 U.S.C. § 1331.

## I.     Background

In the lengthy petition and exhibits attached thereto, Stanley maintains that Respondents are engaging in the unauthorized opening, copying and placing of legal documents inside of his case file from the United States Department of Justice EOSA/FOI/Pa Unit. He further maintains that Respondents are improperly opening his legal mail from the United States District Court for the Eastern District of Virginia and removing documents, as well as denying him access to the courts and forcing him under duress to forfeit his Fourth Amendment rights to privacy. He claims that all of Respondents' actions are in violation of the Fourth Amendment, the Due

Process Clause and the Equal Protection Clause. He seeks several forms of injunctive relief.

## II. Discussion

Federal courts are authorized to issue writs of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Mandamus jurisdiction is also found at 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A mandamus petitioner must establish that the respondent has a clear, nondiscretionary duty to act. Heckler v. Ringer, 466 U.S. 602, 616-617 (1984). Mandamus will not issue to compel discretionary functions. (Id.)

Mandamus is an appropriate remedy only in the most extraordinary of situations. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980)(citations omitted); Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 434 (4th Cir. 2005). As Stanley's petition involves matters that can be pursued through a civil action pursuant to 28 U.S.C. § 1331, he has not established that mandamus relief is warranted. As such, the petition for mandamus will be dismissed, without prejudice, to Stanley to pursue his claims in the context of a civil rights action. The Clerk of Court will be directed to provide Petitioner with a blank § 1331 form for his use in doing so. His pending motion to

proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. 2) and motion for service (Doc. 3) will be dismissed as moot.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL STANLEY,** | : | **CIVIL NO. 1:CV-09-2446** |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **COMMISSARY SUPERVISOR** | : | |
| **HERNANDEZ, et al.,** | : | |

# ORDER

**AND NOW**, this 21st day of January, 2010, upon consideration of the mandamus petition (Doc. No. 1), **IT IS HEREBY ORDERED THAT:**

1. The petition (Doc. No. 1) is **dismissed without prejudice.**

2. The motion to proceed in forma pauperis (Doc. No. 2) and motion for service (Doc. 3) are **dismissed as moot**.

3. The Clerk of Court is directed to provide to Petitioner a copy of a blank § 1331 civil rights form.

4. The Clerk of Court is directed to **close this case**.

\_\_s/ Yvette Kane\_\_\_
YVETTE KANE, Chief Judge
Middle District of Pennsylvania